```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                                Docket #13cv5928
GABLE,                                  :

              Plaintiff,                :

   - against -                          : New York, New York
                                          January 9, 2014
SA MIDTOWN LLC, et al.,                 :

              Defendants.               :

--------------------------------------- :

                      PROCEEDINGS BEFORE
                  THE HONORABLE PAUL CROTTY,
              UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For Plaintiffs:         WUERSCH & GERING
                        BY: GREGORY HAUSER, ESQ.
                        100 Wall Street, Tenth Floor
                        New York, New York 10005

For Defendants:         SAMUEL GOLDMAN & ASSOCIATES
                        BY: SAMUEL GOLDMAN, ESQ.
                        100 Park Avenue, 20th Floor
                        New York, New York 10017




Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone: (212) 420-0771
                        Fax:   (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                                                              3
 2              THE CLERK:   American Lecithin Company, et al. v.
 3   Rebmann, case number 12cv929.  Counsel, please state your
 4   appearance for the record.
 5              MR. GREGORY HAUSER:   Yes, for plaintiffs Gregory
 6   Hauser, H-A-U-S-E-R, Wuersch & Gering.
 7              MR. SAMUEL GOLDMAN:   And for defendant Samuel
 8   Goldman of Samuel Goldman & Associates.
 9              THE COURT:   Good morning, this is Judge Fox.  I -
10   -
11              MR. HAUSER:   Good morning, Your Honor.
12              THE COURT:   -- reviewed the submissions made by
13   the parties in connection with the defendant's application
14   to amend the answer and to assert new claims, and before
15   I've disposed of the motion, I wanted to give you an
16   opportunity to be heard, particularly on a matter that gave
17   me some pause, and that is the issue of prejudice.  The
18   plaintiffs allege that there's been undue delay in making
19   the application, and if it were to be granted, it would
20   prejudice the plaintiffs and that that supports
21   determination that the application be denied.
22              The matter that I wanted to raise, the defendant
23   has claim that there is a prejudice, that there wasn't
24   really delay, and points out that the plaintiffs have not
25   complied with orders issued by the assigned district judge
```

```
                                                                   4
```

to have Mr. Rebmann, Sr., the defendant's father, participate in discovery by being deposed and that that has delayed the case more than anything.  What is the plaintiffs' position on that?  Have the plaintiffs failed to meet their obligations to the Court by disobeying orders as alleged by the defendant?

          MR. HAUSER:  Your Honor, at this point, at this point, Your Honor, there is an order from the district court judge, from Judge Abrams, just before the case was reassigned, that indicated that plaintiff's deposition was to be held within one month after Your Honor decides this motion.

          There were a number of things that happened.  There was – Dr. Rebmann's deposition was noted after the close of discovery.  That was discussed with the district court judge who directed that the deposition go forward.  Dr. Rebmann raised concerns about his inability to travel.  The judge dealt with that in an order that set out certain conditions allowing for his deposition by telephone.  Before that could happen, the mediation was ordered, which took place in front of Your Honor.  The next thing that happened was this application by the plaintiffs, and the district court, in light of this motion, directed that the time for Dr. Rebmann's deposition be postponed until after

```
 1                                                            5
 2   the Court rules on this motion.  So at this point it's
 3   plaintiffs' position that they're in full compliance.
 4              If I could address the issue of prejudice, be all
 5   that it may, discovery on the initial case which relates
 6   simply to the cyber squatting claims, other than Dr.
 7   Rebmann's deposition, is complete.  So, in other words,
 8   this case that progressed to the point where but for a
 9   single deposition of the principal of the plaintiffs, the
10   indirect principal of plaintiffs, discovery was completa
11   and that as things stand, if the motion to amend is denied,
12   then that deposition would take place within 30 days and
13   discovery would be entirely complete.
14              Granting the motion and adding any or all of the
15   many claims that are here in front of the Court would do a
16   number of things.  First, it would vastly expand the scope
17   of that particular deposition beyond the issue of the cyber
18   squatting.  Second, it would put the parties in a position
19   of reopening discovery, interrogatories, document demands,
20   on an enormous transoceanic discovery effort involving the
21   records of four or five additional corporate entities in
22   addition to those of an individual named as a third-party
23   defendant.
24              All of that, frankly, Your Honor, we believe is
25   well out of time given all the different scheduling orders
```

```
 1                                                                6
 2  that have been entered in this case, and in terms of time,
 3  in terms of delay, in having the original claims heard.  In
 4  terms of the potential cost of dealing with all these
 5  claims, we believe that amounts to prejudice sufficient to
 6  deny the motion.
 7            THE COURT:  Mr. Goldman, do you want to be heard?
 8            MR. GOLDMAN:  Yes, I do, Your Honor.  The record
 9  before Judge Abrams, including the orders of Judge Abrams,
10  paint an entirely different picture.  Okay?  It's important
11  to note that Judge Abrams specifically allowed Matthias
12  Rebmann, the son, time to, you know, retain counsel to
13  advise him on his counterclaims and to file those
14  counterclaims.  So I think this was contemplated by the
15  Court and contem-, you know, and something that Judge
16  Abrams dealt with.
17            Secondly, on the issue of, you know, compliance
18  with the judge's order, which was your question, the answer
19  is they did not comply.  They did not comply on at least
20  two prior occasions and, in fact, took retaliatory actions
21  instead of complying.  So instead of coming for a
22  deposition in a lawsuit that they started and which, you
23  know, in which they're arguing they need relief with some
24  sort of urgency, Dr. Rebmann could not come to the United
25  States, he said, so Judge Abrams said, fine, provide proof
```

```
 1                                                          7
 2  that you can't come, and he failed to do that as well.  So,
 3  you know, in my book that involves ignoring the Court's
 4  orders.  The only – and disobeying the Court's orders.
 5           And then Matthias Rebmann moved for sanctions, and
 6  the response to the move for sanctions was to take away
 7  Matthias' shares in the company.  So, you know, this just
 8  happened right, you know, in 2013.  These are acts where we
 9  couldn't have amended earlier because the actions didn't
10  have happen earlier and they were taken in direct response
11  to Matthias looking for sanctions for Dr. Rebmann
12  disobeying the Court's orders.
13           So, fine, Judge Abrams gave Matthias time to
14  locate counsel and file counterclaims and said the
15  deposition will take place within 30 days afterwards.  That
16  doesn't put the other side in compliance with court orders.
17  It doesn't put them in a position to claim that after many,
18  many months they, you know, where they refused to show up
19  for depositions or comply with two court orders, that they
20  can show up and say we're in compliance and, by the way,
21  we're being prejudiced.
22           I just don't see where there is a prejudice, and I
23  think that they're arguing against, you know, very
24  fundamental rights that are given to all litigants.  It's a
25  right to a level playing field and to have all
```

                                                                8

controversies in the matter decided in one court and in one proceeding.  And their entire argument is, well, we should be able to decide which claims get heard.

In other words, if we take action against Matthias in connection with the termination of his employment, the court can only go into the claims we brought.  It can't go into the claims in the other direction.  And Matthias I think has very, very good reason and excuse for not bringing these claims earlier, and the first reason is, as I mentioned before, a lot of the retaliatory acts that we are complaining of didn't take place until 2013.  And the second thing is, as Judge Abrams recognized, he needed counsel to advise him on bringing those claims.

THE COURT:  All right, thank you.  I was not unmindful that some of the delay in moving forward was occasioned by the withdrawal of earlier counsel for the defendant, his status as a pro se litigant for a while, and then the arrival of new counsel on his behalf.

With respect to the defendant's motion, a court has very broad discretion to allow pleadings to be amended, and Rule 15 of the Rules of Civil Procedure makes that point quite clear in urging that amendments be freely allowed when justice requires.

In this instance, I've reviewed the proposed

                                                                 9

amended pleading, and in connection with the reply papers
that the defendant submitted, which acknowledge in many
instances that the proposed document as crafted leaves much
to be desired in that issues respecting jurisdiction, both
subject matter and personal, are not flushed out, as the
plaintiff highlights it, and seemingly could be.  There are
other matters, for instance, the claim that jurisdiction,
long-arm jurisdiction is not being asserted under the
theory the plaintiff attacked but under C.P.L.R. 302(a)(1)
and (3) which is not clearly articulated in the proposed
amended pleading.

          Typically, the reply is not a place to raise
things for the first time and try to do what should have
been done in the first cut of an application, but there are
occasions when that could be overlooked, and I'm informed
in that regard at least by one case, <u>Madison Maidens Inc.
v. American Manufacturers Mutual Insurance Company</u>, which
is found at 2006 W.L. 785270, a 2006 case coming out of
this court.

          On the whole I'm also very, very mindful that the
Supreme Court has instructed that leave to amend, though
liberally granted, may properly be denied for undue delay,
bad faith, or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments

```
 1                                                              10
 2  previously allowed, undue prejudice to the opposing party
 3  by virtue of allowance of the amendment, futility of the
 4  amendment, etc., and that, of course, is the now well-known
 5  case, Bowman v. Davis, 371 U.S. 178 (1962) case from the
 6  Supreme Court.
 7            In the instant matter, I think that it is
 8  appropriate given the arguments made in the submissions and
 9  what I've heard today from you to permit the defendant to
10  amend the answer, but the proposed amendment will have to
11  be recrafted to address more particularly the deficiencies
12  that I mentioned a moment ago, the jurisdiction, both
13  subject matter and personal, pointing clearly to cases
14  that, or rather statutes that are involved.  There is a
15  reference to a New Jersey statute.  There are conflict of
16  law matters that need to be addressed because that issue
17  will determine whether some of the contract claims, breach
18  claims can survive or whether they're futile.  But I think
19  on the whole exercise in the court's discretion to allow
20  the defendant to submit an amended pleading, not the
21  proposed one, because, as I said, it has deficiencies that
22  need to be addressed and the defendant has acknowledged
23  that in the reply, and I would expect a pleading to come
24  that addresses all of the deficiencies that had been
25  highlighted in the papers.
```

```
 1                                                        11
 2              So the application to amend made by the defendant
 3   is granted.  Thank you very much.  Good day.
 4              MR. HAUSER:   Your Honor.
 5              THE COURT:   Yes.
 6              MR. HAUSER:   Your Honor, this is Greg Hauser for
 7   the plaintiffs.  Two things.  One, could we ask for the
 8   Court to set a date by which the defendant must submit the
 9   new amended pleading --
10              THE COURT:   Certainly.
11              MR. HAUSER:   -- to - and, two, could we ask for
12   an extension of the deadline for the deposition until
13   sometime after the actual amended pleading is in our hands
14   because it seems to me that it is the pleading we have not
15   yet seen that will end up having to be one of the bases for
16   the scope of the deposition, and it would not - it could
17   potentially be problematic to try to have to hold the
18   deposition in the next 30 days when we haven't even seen
19   the amended pleading.
20              THE COURT:   Well, given the reply, it seems to me
21   that defendant should be in a position very quickly to
22   address a new pleading, a new amended pleading, if you
23   would, not the proposed one, one that addresses the
24   deficiencies that exist in the proposed document.  That
25   should not be an onerous exercise for the defendant.  So
```

```
 1                                                        12
 2   I'll fix a week's time, a week from today, for the newly
 3   crafted based upon the discussion we've had this morning.
 4   The newly crafted amended answer to be filed.  So that
 5   would bring us to the 13th day of February.
 6             And I will allow you, the two of you, to have a
 7   discussion about a what a reasonable time for the
 8   deposition would be, given whatever your respective
 9   schedules are, recognizing that the amended document will
10   come on the 13th of February.  You can submit to me a
11   proposed order for a timeframe for the deposition once
12   you've had it in hand, had a discussion about what's
13   reasonable and appropriate given your respective
14   responsibilities to your clients, both in this case and in
15   other cases.
16             MR. GOLDMAN:   Your Honor.
17             THE COURT:   Yes.
18             MR. GOLDMAN:   Yeah, this is Sam Goldman.  I just
19   want to clarify one thing, which is we will submit our
20   amended answer a week from today.  At that point, it would
21   appear that it might make sense to get a response from the
22   other side and then for us to at least have an opportunity
23   to have some documentary discovery and then to have the
24   deposition.  I just want to make sure that we're working as
25   efficiently as possible.  So I'm --
```

```
                                                              13
 1
 2              (interposing)
 3              THE COURT:   I'm contemplating that, that's why I
 4  suggested that you have a conversation and then come to me
 5  with a proposed order.  That should be part of your
 6  conversation.
 7              MR. GOLDMAN:   Thank you.
 8              THE COURT:   All right, good day.
 9              MR. HAUSER:   Thank you.
10              (Whereupon the matter is adjourned.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                          14
 2                   C E R T I F I C A T E
 3
 4           I, Carole Ludwig, certify that the foregoing
 5   transcript of proceedings in the United States District
 6   Court, Southern District of New York, Gable versus SA
 7   Midtown, et al., was prepared using digital transcription
 8   equipment and is a true and accurate record of the
 9   proceedings.
10
11
12   Signature_____
13
14   Date:   February 25, 2014
15
16
17
18
19
20
21
22
23
24
25
```