```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

WIOLETA GABEL, et al.,                :

                                      :   13 Civ. 5928 (HBP)
                    Plaintiffs,
                                      :   OPINION
     -against-                            AND ORDER
                                      :
SA MIDTOWN LLC, et al.,
                                      :
                    Defendants.
                                      :
-----------------------------------X

          PITMAN, United States Magistrate Judge:

          This matter is before me on the parties joint' application to approve the settlement reached in this matter.  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

          This is an action for allegedly unpaid wages and overtime brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law.  Plaintiffs are three individuals formerly employed as barmaids and/or waitresses at a restaurant operated by defendants; the action has not been litigated as a collective or class action.  In pertinent part, plaintiffs allege that they were improperly paid the reduced "tip credit" minimum wage, but that defendants were not entitled to pay them at this reduced rate because they were forced to share

their tips were with non-tipped employees, namely captains. Defendants claim that plaintiffs were paid all the amounts they were due and that tips were not improperly shared.

    Both the claims and defenses are based almost entirely on oral testimony.  Ths issue in a case such as this is the degree of authority that the captains exercised over the tipped employees; a captain who exercises "meaningful or significant authority"[1] is not entitled to participate in a tip pool. Barenboin v. Starbucks Corp., 23 N.Y.3d 460, 473, 995 N.E.2d 153, 160, 972 N.Y.S.2d 191, 198 (2013).

    I conducted a lengthy settlement conferences with counsel and the parties on November 13 and December 8, 2014. After several hours of discussion, the parties agreed to the terms of a confidential settlement, a principal component of which was suggested by me independently of the parties' positions.[2]  In other words, a principal component of the settlement

---

[1] "Meaningful authority might include the ability to discipline subordinates, assist in performance evaluations or participate in the process of hiring or terminating employees, as well as having input in the creation of employee work schedules, thereby directly influencing the number and timing of hours worked by staff as well as their compensation.  [T]he power to hire and fire is not the exclusive test."  Barenboin v. Starbucks Corp., supra, 23 N.Y.3d at 473, 995 N.E.2d at 160, 972 N.Y.S.2d at 198.

[2] Because confidentiality is a material term of the settlement, I shall not disclose its terms in this opinion and order.

2

was suggested by me and was outside of both sides' "final" settlement positions that had been reached after many hours of negotiations.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 12 Civ. 7836 (RLE), 2013 WL 1803736 at *7 (S.D.N.Y. Apr. 29, 2013) (Ellis, M.J.).

I conclude that the settlement reached by the parties is fair and reasonable. The claims and defenses of both sides rest primarily on testimonial evidence, making it particularly difficult to predict the outcome of the case. At the settlement conference, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously. Given the conflicting evidence, the quality of the evidence and the allocation of the burden of proof on plaintiffs, the settlement repre-

sents a reasonable compromise with respect to contested issues, and, therefore, I approve it.  <u>Reyes v. Altamarea Group, LLC</u>, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:  New York, New York
        June 22, 2015

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Robert Wisniewski, Esq.
Suite 1020
225 Broadway
New York, New York  10007

Noel P. Tripp, Esq.
Jackson Lewis P.C.
Suite 250
58 South Service Road
Melville, New York  11747